(No. 36834.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM AUGERBRIGHT, Plaintiff in Error.

*Opinion filed November 26, 1963.*

LOUIS E. OLIVERO, of Peru, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT E. RICHARDSON, State's Attorney, of Ottawa, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and WILLIAM P. DENNY, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

In 1961 the defendant was tried by jury in the circuit court of La Salle County and found guilty of the crime of burglary. He was sentenced to the penitentiary for a term of not less than 5 nor more than 20 years and prosecutes this writ of error to review the judgment of conviction.

The only argument advanced is that the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt. It was stipulated at the trial that on November 4, 1960, at about 2:00 o'clock A.M., a tavern owned by James Bolatto was broken into and that $600 cash, together with merchandise, was stolen. Glenn Carr testified that the

defendant told him that he planned to break into Bolatto's tavern and wanted to use Carr's automobile. Carr agreed to go along and he and the defendant, together with Al Figge and Randall Farmer, drove to the tavern. Figge and the defendant broke a window and all four men went in the building. After obtaining some money, cigarettes, and liquor they left the tavern, split the money, and went to Farmer's house. As Carr and the defendant started to go into the house a squad car drove up and turned a spot light on them. They returned to the car and drove out to the beach. The police followed them and asked them why they were out so late and they said they had been drinking in La Salle. On cross-examination, Carr testified that when he learned that a warrant had been issued for his arrest he surrendered to the sheriff. He testified that he had not been promised leniency in exchange for his testimony at the defendant's trial.

Farmer testified that he had pleaded guilty to the burglary of the tavern and had been granted probation. At the time of the defendant's trial he was confined on another charge. He confirmed Carr's testimony concerning the burglary and the defendant's participation in the crime. He denied that he had been promised any leniency.

A police officer testified that he saw the defendant and Carr at about 4:00 A.M. on the morning in question and followed them out to the beach. The defendant offered no evidence.

The defendant claims that this evidence was insufficient because there is no proof that the defendant carried any money or merchandise out of the tavern and also argues that there was no proof that the defendant entered the building with felonious intent. The evidence shows that the defendant broke into the building and that he shared in the proceeds of the crime, and it is immaterial that there was no direct evidence that the defendant carried anything out of the tavern. The felonious intent of the defendant is amply demonstrated by his conduct.

The principal evidence against the defendant was the testimony of his accomplices. Their testimony was competent and the fact that they were accomplices only affected their credibility, which was a matter for the jury to determine. We find ample evidence in the record to establish the defendant's guilt beyond a reasonable doubt. The judgment of the circuit court of La Salle County is affirmed.

*Judgment affirmed.*