(No. 39320.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM AUGERBRIGHT, Appellant.

*Opinion filed September 26, 1969.*

ROBERT E. WHITE, of Ottawa, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT E. RICHARDSON, State's Attorney, of Ottawa, (FRED G. LEACH, Assistant Attorney General, and JOHN DAVID ZWANZIG, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In a 1961 LaSalle County jury trial William Augerbright was found guilty of burglary and thereafter sentenced to imprisonment for 5 to 20 years. That judgment was affirmed by this court in 29 Ill.2d 301 in an opinion indicating the only issue presented to the court was the sufficiency of the evidence to establish guilt beyond a reasonable doubt.

On May 19, 1964, Augerbright filed his *pro se* post-conviction petition alleging, *inter alia* "7. I did not have

proper counsel at my trial, I had a public defender, he came to see me two times at the jail before my trial started." The public defender was appointed to represent petitioner in the post-conviction proceedings. Thereafter the State moved to dismiss the petition for its alleged failure to state a substantial constitutional issue. That motion was allowed and an order entered on June 19 dismissing the petition. While no report of proceedings at that hearing is before us, apparently no attempt was made to amend the petition.

While inartfully drafted and stated in conclusionary terms, the post-conviction petition clearly indicates petitioner's belief that he was incompetently represented by the public defender at his original trial. We have heretofore held it improper under these circumstances to appoint the public defender as counsel in post-conviction proceedings (*People* v. *Sigafus,* 39 Ill.2d 68; *People* v. *Smith,* 37 Ill.2d 622; *People* v. *Ashley,* 34 Ill.2d 402), for the inclination to protect the reputation of his office clearly conflicts with his duty to his client to establish the incompetency of the original representation if such it was. Likewise, our opinions in *People* v. *Slaughter,* 39 Ill.2d 278, and *People* v. *Polansky,* 39 Ill.2d 84, review the legislative intent manifested by the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 through 122—7) and indicate, to some extent, the scope of counsel's responsibilities in post-conviction proceedings.

The judgment of the LaSalle County Circuit Court is accordingly reversed and the cause remanded with directions to appoint counsel for petitioner other than the public defender and to permit amendment of the petition if desired.

*Reversed and remanded, with directions.*