THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WOODROW McGINNIS, JR., Defendant-Appellant.

(No. 59146;

First District (4th Division)—November 13, 1974.

*Rehearing denied January 8, 1975.*

Clarkston & Scott, of Chicago (Lucas T. Clarkston and Maurice Scott, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Barry Rand Elden, Perry L. Fuller, Dennis J. Horan, and James W. Carter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Woodrow McGinnis, Jr., was convicted of the crime of rape at a bench trial in the Circuit Court of Cook County and was sentenced to a term of not less than 4 years, nor more than 5 years.

The defendant contends the evidence is insufficient to find him guilty beyond a reasonable doubt.

The prosecutrix testified she left her apartment after 10 P.M. on April 30, 1971, with her 3-year-old child, to buy some liquor for her husband at a tavern one-half block from her home. She had undergone back surgery the previous March, and her doctor advised her to walk for exercise. After making her purchase she began walking home and noted two men standing at a bus stop. She identified the defendant as one of those men. She said he first passed her on the sidewalk and then came back and grabbed her, causing her to drop the bag she was carrying. He told her to "shut up" and that he would kill her if she did not. She also stated he had something shiny in his hand. It might have been a knife or a key.

He forced her into an alley and into a back yard which was strewn with litter, where he forced her to lie down after taking off her underpants. He choked her as she repeatedly called out for her child. Another man pushed the child through the alley towards them, and the defendant threatened the child and made him sit down nearby.

The prosecutrix testified the defendant had intercourse with her and then tried to force her to commit an act of fellatio.

Officer Carter of the Chicago Police Department testified he arrived at the scene after receiving a call in regard to a woman calling for help. He saw a man sitting on top of a woman with his penis exposed, the woman's dress pulled up, and the instant he turned on his light she called, "Help me, somebody help me."

Upon investigation Officer Carter observed the jacket and underpants of the prosecutrix on the ground next to where she had been lying. One of her shoes was under a parked car and the other was in another part of the alley. Out on the sidewalk there was a brown paper bag with a broken bottle of Champale. He testified the woman appeared to be upset and kept saying that the defendant was going to kill her baby.

The defendant testified the prosecutrix approached him while he was standing on the corner of Kostner and Lake, and she asked him if he wanted to have "some fun." She asked for, and he gave her, $10. They walked south on Kostner, and when he asked where they were going, she said she was taking him to her house because her husband would not be home for some time. He said he did not want to take the chance and asked her to go back to his car. She refused and walked away, saying,

"I don't guess there's anything we can do." He grabbed her and told her he wanted his $10 back. The bag she was carrying dropped and a bottle broke. She said, "That's all right, it's broken now, let's go around here." She led him into an alley and spread newspaper on the ground, where she began an act of fellatio. He told her he wanted to have intercourse, and she said her back was hurting. He assured her he would not hurt her back, and she took off her underpants and laid them down beside her shoes, which she had removed previously. He then knelt down intending to have intercourse with her, but the arrival of the police prevented it. He denied having achieved penetration.

The prosecutrix was taken to a hospital where a vaginal smear was taken. Upon being tested in the police crime laboratory, it proved negative.

When asked how much money she had, she gave her purse to the police officer. It contained only a dollar and some change.

The defendant contends the account of the prosecutrix lacks verisimilitude because there was no corroborating evidence. He suggests that someone who had recently had back surgery would certainly have aggravated the condition if she were forcibly raped, but when she was taken to the hospital she did not complain of any aggravation, nor was there any testimony her clothes were damaged or dirty.

We do not find such reasons compelling in the light of the testimony of Officer Carter that the prosecutrix was upset following the event and continually referred to threats of the defendant to do harm to her child. He also testified he was responding to a radio assignment to proceed to the vicinity where a woman was calling for help. When he arrived on the scene, she immediately called for help, and it is also significant that her shoes were found in different places. That contradicts the testimony of the defendant, who stated she had taken them off and placed them next to her.

Where a case is tried without a jury, the determination of the credibility of the witnesses is for the trial judge, and this court will not substitute its judgment for that of the trial judge who saw and heard the witnesses. (*People v. Henson* (1963), 29 Ill.2d 210.) In this case the trial judge heard the conflicting testimony of the witnesses and chose to believe the prosecutrix. We hold there is ample evidence in the record to support the finding that defendant was guilty beyond a reasonable doubt.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.