THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY DIXON, Defendant-Appellant.

First District (4th Division)   No. 62704

Opinion filed May 26, 1977.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial judge dismissed the post-conviction petition of the defendant after a hearing in which the Public Defender of Cook County represented the defendant.

The sole issue presented for review is whether or not the defendant could be adequately represented by the Public Defender, when the defendant alleges the Public Defender failed to do research when the original case was on appeal.

The facts of the case are the defendant was convicted of murder after a jury trial. Judgment was entered on the verdict and the defendant appealed from the judgment. The judgment was affirmed by this court in *People v. Dixon* (1973), 10 Ill. App. 3d 1038. Defendant then filed this post-conviction petition pro se, along with a motion to proceed as a poor person and for appointment of counsel. The Public Defender of Cook County was appointed to represent the petitioner.

■■ The defendant alleges other counsel should have been appointed to represent him, as it was possible the issue of the competence of the assistant public defenders in the original trial and the original appeal might have become an issue. The defendant did not allege any clear example of incompetency, nor is his allegation supported by affidavits or other evidentiary matters as required by section 122—2 of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1973, ch. 38, par. 122—2; *People v. Durley* (1972), 53 Ill. 2d 156.) It was proper for the trial judge to appoint the Public Defender, and the Public Defender did offer the pro se petition to the court in its entirety.

■■ There is nothing in the pro se petition which was not raised on the original appeal wherein the judgment of the trial court was affirmed in its entirety. Consequently, the trial judge was correct in dismissing the post-conviction petition of the defendant.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.