THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
WOODROW McGINNIS, Petitioner-Appellant.

First District (3rd Division)    No. 76-999

Opinion filed August 3, 1977.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel, and Marcia B. Delarue), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James S. Veldman, and Louis R. Schroeder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The petitioner, Woodrow McGinnis, appeals from an order of the trial court granting the State's motion to dismiss his petition for post-conviction relief without conducting an evidentiary hearing. Petitioner was charged with rape and, on June 8, 1972, after a trial without a jury, he was found guilty of that crime. He was sentenced to four to five years. On direct appeal he contended that he was not proved guilty beyond a reasonable doubt, and his conviction was affirmed by this court. *People v. McGinnis* (1974), 24 Ill. App. 3d 382, 321 N.E.2d 533.

On January 8, 1976, petitioner filed the present petition for post-conviction relief, unsupported by affidavits, alleging that he was denied effective assistance of counsel at trial; that the complaining witness gave false testimony concerning her pregnancy resulting from the rape; and that he was denied his right to cross-examine the complaining witness due to her language difficulties and the failure of the court to provide an interpreter. On January 20, 1976, the trial court entered the order dismissing the petition and petitioner appeals. The pertinent facts are as follows.

The victim testified that as she returned from making a purchase of liquor for her husband she was grabbed by the petitioner and forced into an alley. He was holding something shiny and threatened to kill her. She was accompanied by her three-year-old child. Petitioner ordered the child to sit down and remain quiet. He forced her to have sexual intercourse, and then attempted to commit an act of fellatio. As she resisted, the police arrived and took him into custody. She was recovering from recent back surgery.

A Chicago police officer testified that he and his partner were flagged down by a man who directed them to the alley. The officer saw a man sitting on top of a woman with his penis exposed. When the officer turned on the squad's lights, the woman called for help. One of the victim's shoes

was under a parked vehicle and the other shoe was found in another part of the alley. On the sidewalk the officer found a brown paper bag containing a broken bottle of liquor. The victim kept saying that petitioner was going to kill her baby. The officer examined the contents of her purse and found that it contained only $1 and some change.

The victim was brought to a hospital where a vaginal smear was taken. There was a negative finding as to the presence of spermatozoa.

Petitioner testified that he was approached by the complaining witness who asked if he wished to have some fun. She asked for $10 which he gave her. She suggested going to her home; he suggested his auto. When she started to walk away, he grabbed her and the bag of liquor broke. She then suggested entering the alley and she spread a newspaper on the ground. She began an act of fellatio. He wished to have intercourse, and she reluctantly agreed. As he knelt down, the police arrived.

■■ Petitioner maintains that he should have been allowed an evidentiary hearing to determine whether he was denied his constitutional rights. However, a post-conviction petitioner is not entitled to a hearing on the petition as a matter of right. (*People v. Meeks* (1975), 31 Ill. App. 3d 396, 334 N.E.2d 253.) The trial court should grant an evidentiary hearing only if the petition demonstrates a violation of constitutional rights. (*People v. Arbuckle* (1969), 42 Ill. 2d 177, 246 N.E.2d 240.) It is the petitioner's burden to clearly set forth in what respect his constitutional rights were violated and support the allegations with affidavits, records, or other evidence which demonstrates a violation of these rights. Absent such a showing, the court may dismiss the petition without a hearing. *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600.

In the present case, petitioner has not attached affidavits to his petition as required by the Post-Conviction Hearing Act. (Ill. Rev. Stat. (1975), ch. 38, par. 122—2.) While the absence of affidavits is not necessarily fatal to a petition for post-conviction relief, petitioner's allegations must stand uncontradicted and be clearly supported by the record. *People v. Ruiz* (1974), 24 Ill. App. 3d 449, 321 N.E.2d 746.

We first consider petitioner's contention that he was denied effective assistance of counsel due to the alleged incompetency of his privately retained counsel at trial. Since petitioner was represented by the same attorney on direct appeal, we will not consider the incompetency of counsel issue waived although it is now raised for the first time.

Petitioner alleges that defense counsel demonstrated incompetency by failing to call as a witness the doctor who examined the complaining witness since the analysis of the vaginal smear was negative as to the presence of sperm and because she testified that she became pregnant as a result of the rape.

■■ ■ An allegation of inadequate retained counsel presents a

constitutional question for consideration in a post-conviction proceeding only when the representation is of such low caliber as to amount to no representation at all or reduces·the trial to a farce or a sham. (*People v. Lomax* (1971), 49 Ill. 2d 549, 276 N.E.2d 292.) Incompetency of retained counsel which is tantamount to no representation is not shown through hindsight allegations which simply amount to errors of judgment or trial strategy. (*People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.) Counsel was well aware of the medical report and also cross-examined the complaining witness about her pregnancy. We cannot state from the conclusionary allegations of the petition that the testimony of the doctor would have been anymore helpful to the petitioner at trial. We do not deem the failure to call the doctor as a witness to indicate that the trial was a farce.

■■ Petitioner also urges that the expert testimony of the examining physician would have highlighted inconsistencies and contradictions in the State's case. A post-conviction proceeding is not to relitigate petitioner's guilt or innocence, but is to determine whether petitioner has been denied constitutional rights. (*People v. Funches* (1972), 9 Ill. App. 3d 372, 292 N.E.2d 187.) On direct appeal, petitioner raised the issue of reasonable doubt. This court resolved the issue against him, and any alleged inconsistencies or contradictions in the State's case were resolved at trial and on appeal and are *res judicata*.

■■ Petitioner concedes that he never requested an interpreter nor objected to the complainant's testimony on the grounds of lack of clarity, and thus has waived the issue on a post-conviction proceeding. However, he urges that failure as an additional demonstration of trial counsel's incompetency. In the present case, the testimony of the complaining witness, a Korean, was choppy and grammatically incorrect. However, the record reveals clearly that its substance was understandable. Moreover, the trial court granted both sides latitude in their respective examination of her in order to allow for the difficulties which she had in expressing herself. The failure to request an interpreter in no way demonstrated incompetency of counsel. In summary, the record indicates that trial counsel was well prepared and conducted a rigorous and thorough cross-examination of the State witnesses. It cannot be stated that the representation amounted to no representation at all or reduced the trial to a farce.

■■ Petitioner finally argues that the State deliberately used perjured testimony which led to his conviction. He alleges that the negative results of the vaginal smear analysis shows that the complaining witness gave false testimony concerning her pregnancy. Petitioner's assertion is a conclusionary allegation unsupported by affidavit or other evidence that the analysis is conclusive or that the complaining witness gave false

testimony concerning her pregnancy. He has not brought any additional evidence to the attention of the court which would indicate that he was denied a fair trial through the use of perjured testimony. Petitioner has failed to support his conclusionary allegation of perjury with specific facts. Such is essential in order for the charge made in his petition to require an evidentiary hearing in a post-conviction proceeding. (*People v. Shannon* (1975), 28 Ill. App. 3d 873, 329 N.E.2d 399.) Petitioner has attempted merely to relitigate his guilt or innocence. The trial court correctly dismissed his petition for post-conviction relief without an evidentiary hearing.

For the reasons stated, the order of the circuit court of Cook County dismissing petitioner's request for post-conviction relief is affirmed.

Order affirmed.

SIMON, P. J., and JIGANTI, J., concur.