THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN HESLER *et al.*, Defendants-Appellants.

Second District    No. 77-307

Opinion filed May 11, 1978.

Julius Lucius Echeles and Carolyn Jaffe, both of Chicago, for appellants.

Dennis P. Ryan, State's Attorney, of Waukegan (Ann Regan, Assistant State's Attorney, Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Lake County dismissing, without an evidentiary hearing, defendants' petition, filed under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*). After a jury trial in the Lake County circuit court, defendant Selzer was found guilty of unlawful possession and unlawful delivery of more than 500 grams of cannabis. Defendant Hesler was found guilty of unlawful delivery of cannabis only. Upon direct appeal to this court the judgment of the trial court was affirmed (*People v. Hesler* (1976), 39 Ill. App. 3d 843, 350 N.E.2d 748.) The petition for leave to appeal was denied by the Supreme Court of Illinois and *certiorari* was denied by the United States Supreme Court (429 U.S. 1097,

51 L. Ed. 2d 544, 97 S. Ct. 1114). Defendants' *habeas corpus* petition in the United States District Court (#77 C 821) was dismissed pending determination of the issues by the State courts.

Defendants were represented by privately retained counsel in the trial court and in the direct appeal to this court. Their petition for rehearing on the direct appeal, however, was filed by their present counsel. Certain issues presented by defendants' petition for rehearing were held by this court, in our supplemental opinion, not to be properly before us as they raised issues which were not argued in defendants' initial appellate brief.

Defendants raise four issues here. First, it is alleged that the original defense counsel was so incompetent as to deprive the defendants of constitutionally effective representation. Second, the defendants argue that they were deprived of the sixth amendment right to confrontation of witnesses against them. Third, the defendants allege that they were deprived of a fair trial by the prosecutor's statements made in final argument. Fourth, the defendants contend that they were deprived of due process of law in that the jury was not instructed on the issue of entrapment.

One of the issues raised by present counsel in his petition for rehearing, which was not passed upon by this court, was the alleged incompetence of defendants' counsel at trial and upon direct appeal. We shall consider that issue first.

■■ The defendants here urge us to adopt a standard, not recognized by the supreme court of this State, requiring "legal assistance which meets a minimum standard of professional representation." However, it is clear that the law in Illinois is that where the defendant has retained private counsel, who is later alleged to have been incompetent, such an allegation presents no constitutional question in a post-conviction proceeding, unless the effectiveness of counsel was of such low caliber that it amounted to no representation at all, and reduced the court proceedings to a farce or sham. (See *People v. Torres* (1973), 54 Ill. 2d 384, 297 N.E.2d 142; *People v. Lomax* (1971), 49 Ill. 2d 549, 276 N.E.2d 292; *People v. McGinnis* (1977), 51 Ill. App. 3d 273, 366 N.E.2d 969; and *People v. Brown* (1975), 30 Ill. App. 3d 149, 333 N.E.2d 45.) In *People v. Schott* (1976), 39 Ill. App. 3d 266, 350 N.E.2d 49, defendant's present counsel presented identical arguments on this issue. We rejected them there and reject them again here.

■■ ■ In applying the Illinois tests for incompetence of counsel to factual circumstances, our courts have established that:

> "Incompetency of retained counsel which is tantamount to no representation is not shown through hindsight allegations which simply amount to errors of judgment or trial strategy." (*People v. McGinnis* (1977), 51 Ill. App. 3d 273, 276, 366 N.E.2d 969, 972.)

See also *People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.

In support of the defendants' contentions they allege that the failure of counsel to request an entrapment instruction; counsel's failure to object to allegedly prejudicial hearsay; and failure to object to allegedly improper prosecution argument all indicate incompetence of counsel at trial. They also allege that original counsel showed incompetence on the direct appeal in that he allegedly failed to raise issues such as entrapment.

We note from a careful review of the entire record that the issue of entrapment was indeed raised by original defense counsel on direct appeal, was found by us to be without merit and is now not properly before us under the doctrine of *res judicata,* which we will discuss below. Furthermore, the very nature of the defense logically precluded a request for an entrapment instruction. As we stated in the direct appeal herein, the defense was structured upon establishing the insufficiency of possession and delivery by the defendants. To plead entrapment would necessitate the admission of the act which would be inconsistent and potentially dangerous to the defense. It is, of course, comparatively easy for new counsel in reviewing trial tactics and strategy of the original counsel, to differ as to the defense to be presented. However, the nature of our system limits us to the record as it was made.

■■ Counsel further contends that the incompetency of trial counsel was demonstrated by his failure to object to testimony elicited upon the direct examination of one of the arresting officers. The testimony was that the informant, Richard Roman, called the police officer and stated that he was at John Selzer's house and that they had 50 pounds of marijuana. As the result of this conversation, John Selzer, John Hesler, Richard Roman and another party by the name of Gray, arrived at the place where the sale of the marijuana took place. The State points out that this is not hearsay as the conversation explained later actions of the informant and the subsequent sale of the marijuana. Regardless of whether the statement of the informant is or is not hearsay, we do not find, as defendants contend, that this amounted to such prejudice as to deny the defendants a fair trial. The subsequent actions of the defendants corroborated the inference of their possession of a large quantity of marijuana.

■■ The defendants also argue that as an indicia of previous counsel's incompetency, he failed to object to the prosecutor's comment in rebuttal upon defendants' failure to call the informer or Gray, who were with the defendants at the time of the sale. This comment was invited by trial counsel's several comments in argument as to the damage to the State's case created by the failure of the State to produce witnesses. It has repeatedly been held in Illinois that such a comment by defense counsel may invite a prosecutor's statement in retaliation. And retaliate is what the prosecutor in fact did when he said:

> "If the testimony of Gray and Roman were so damaging to the State, then it could have occured [*sic*] to the subpoena, Mr.

Wilson's subpoena. I throw the ball back to him. He has had this case since March."

As to the defendants' contention that the original defense counsel was incompetent upon appeal, the record herein discloses that of the four issues raised by present counsel, two were raised by previously retained counsel. The third is the incompetence of previously retained counsel. Other than the incompetence of previous counsel the only new issue is the alleged prejudicial prosecution argument which we have already found to be without merit. Accordingly, we find that defendants' counsel, both at the trial level and before this court prior to the appearance of substituted counsel, was adequate and effective.

In considering defendants' contentions of incompetence of counsel we have also examined their related claims that improper prosecution argument denied them a fair trial and that failure of the State to call the informant resulted in prejudicial hearsay. We considered defendants' related argument that they were denied their sixth amendment right to confront their accusers in our original opinion and rejected it as unfounded. Defendants further argue that they were entrapped and that the jury should have been instructed on the issue of entrapment. Defendants' argument in this regard is identical to the one presented in their petition for rehearing and our supplemental opinion found the same to be without merit.

It is well settled that a post-conviction hearing is not a second trial but is limited to an examination of constitutional questions. (See *People v. McGinnis.*) Where we have reviewed issues upon direct appeal we necessarily found that no question of constitutional deprivation was present and that the defendants' constitutional rights were not violated.

In *People v. James* (1970), 46 Ill. 2d 71, 74, 263 N.E.2d 5, 7, our supreme court stated:

> "We have heretofore consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court and all issues which could have been presented to that court which were not are considered to have been waived."

See also *People v. Partin* (1977), 69 Ill. 2d 80, 370 N.E.2d 545.

The trial court was correct in dismissing the petition of defendants. Accordingly, the judgment of the circuit court of Lake County is affirmed.


Affirmed.


SEIDENFELD, P. J., and BOYLE, J., concur.