THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELMORE JORDAN, Defendant-Appellant.

First District (1st Division)    No. 77-1324

Opinion filed June 5, 1978.

David R. Landau, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Elmore Jordan, appeals from a judgment of the circuit court of Cook County dismissing his amended post-conviction petition without an evidentiary hearing. Defendant contends that (1) his retained defense counsel at his trial was incompetent, thereby subjecting him to substantial prejudice, and (2) the matters contained in his amended petition entitled him to an evidentiary hearing.

Defendant was convicted by a jury of rape and armed robbery; he was sentenced to concurrent terms in the penitentiary of 20 to 60 years and 10 to 30 years, respectively. These judgments were affirmed on direct appeal. (*People v. Jordan* (1974), 18 Ill. App. 3d 133, 309 N.E.2d 274, *appeal denied* (1974), 56 Ill. 2d 589.) During this time the defendant had filed a *pro se* post-conviction petition. After disposition of the direct appeal, retained counsel filed an amended petition. It alleged a violation of defendant's constitutional rights based on the incompetency of his retained trial counsel. The amended petition, which was signed by defendant, and the attached affidavit of his mother in support thereof averred that shortly after defendant's arrest the complaining witness appeared at defendant's home and, in the presence of affiants, demanded money to prevent defendant's incarceration; that defense counsel was informed of the matter prior to trial; that counsel told defendant's mother she was a vital witness; and that she was excluded from the courtroom during the trial presumably for purposes of testifying, but she was never called to testify.

Defendant now argues that his mother would have presented crucial testimony affecting the credibility of the complaining witness whose testimony was the sole basis of his conviction by showing a motive for her testimony. Defendant asserts that his trial was reduced to a sham and farce because of counsel's failure to call his mother as a witness, although in his brief he states "in all other respects [counsel] conducted an adequate defense" based on a claim of mistaken identity. Since the matters raised are characterized as outside the trial record, defendant requests an evidentiary hearing.

■■ Defendant did not present the trial record in conjunction with his amended post-conviction petition, thereby rendering it difficult to evaluate his claim of trial counsel's incompetence. The burden is on

defendant to establish in what manner his constitutional rights have been violated. (*People v. Madison* (1974), 56 Ill. 2d 476, 490, 309 N.E.2d 11.) In this regard, records may be attached to support his claim; defendant's failure to do so, however, may be explained. (Ill. Rev. Stat. 1975, ch. 38, par. 122—2.) In the present case, defendant has failed to present a basis from which a thorough evaluation of his claim of incompetency can be made and he has not explained his failure to do so. For this reason, the trial court was justified in dismissing the petition since defendant has not shown a substantial constitutional deprivation.

■■ While defendant has not sought to supplement the record on appeal by inclusion of his trial record, we have examined the abstract of such record filed in this court during defendant's direct appeal. The abstract is the pleading of defendant (*People v. Garner* (1968), 91 Ill. App. 2d 7, 10, 234 N.E.2d 39) and it should fairly present the matters contained in the record. (*People v. Thomas* (1967), 80 Ill. App. 2d 88, 91 n. 4, 225 N.E.2d 103.) Our reference to the abstract in defendant's prior appeal is not designed to circumvent the limitation on the use of said document set forth in *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 316, 175 N.E.2d 785. In the present case, reference to the abstract is made only to determine the impact of trial counsel's conduct and not to affect the rationale or the concept of *stare decisis* relating to the disposition of the direct appeal as proscribed in *Gannon*. We conclude that consideration of the abstract is proper. See *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792.

■■ The abstract of the trial record shows that defense counsel participated in pretrial discovery and a substantial hearing on defendant's unsuccessful motions to quash his arrest and suppress identification. Counsel also cross-examined State witnesses and presented defense witnesses, including defendant. Closing arguments apparently were also conducted. Examination of this material fails to disclose that defendant's trial was reduced to a sham or farce; nor does it show any basis for a claim of substantial prejudice by defendant. (*People v. Lomax* (1971), 49 Ill. 2d 549, 552, 276 N.E.2d 292.) Rather, counsel's failure to present the testimony of defendant's mother concerning the complaining witness' alleged extortion attempt might have been a facet of trial strategy. Not only might counsel have considered the validity of such testimony to be highly suspect, but also the State might also have attacked the obvious bias of defendant's mother if she should testify to that effect. Clearly, it would appear that defendant has posited his claim of incompetency upon his hindsight evaluation of counsel's strategy or error in judgment. Such basis does not demonstrate incompetence, nor can a claim of substantial prejudice be made. (*People v. McGinnis* (1977), 51 Ill. App. 3d 273, 276,

366 N.E.2d 969; *People v. Reed* (1978), 57 Ill. App. 3d 533, 541, 373 N.E.2d 538.) Moreover, under such circumstances the trial court did not err in denying an evidentiary hearing on the amended petition.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG P. J., and McGLOON, J., concur.