THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN F. POTCHER, Defendant-Appellant.

First District (4th Division)   No. 77-904

Opinion filed July 20, 1978.—Rehearing denied September 7, 1978.

John J. Corbett, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Kenneth T. McCurry, and Suzanne Philbrick, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendant, John F. Potcher, appeals from a dismissal of his *pro se* post-conviction petition without an evidentiary hearing. Defendant contends that he was not adequately represented by the public defender of Cook County in regard to his petition; that no showing was made that the requirements of Supreme Court Rule 651(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 651(c)) were fulfilled concerning adequate representation; and that he was denied due process by the summary dismissal of his *pro se* petition by the trial court.

Following a jury trial, defendant was convicted of murder and sentenced to a term of 20 to 60 years in the penitentiary. Our examination of the records in this court indicates defendant was represented by retained counsel at trial. (*People v. Jordan* (1978), 61 Ill. App. 3d 117, 377 N.E.2d 1123.) On direct appeal defendant was represented by the public defender, and his conviction was affirmed based on evidence which was characterized as "overwhelming." (*People v. Potcher* (1975), 26 Ill. App. 3d 540, 325 N.E.2d 753.) Thereafter defendant filed his *pro se* petition seeking post-conviction relief. Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*

In this petition defendant alleged that his trial counsel was incompetent and deprived him of effective representation; that the trial judge was biased and conspired with the State to convict defendant; that several "in chamber" conferences were held involving crucial witnesses and evidence but defendant was not present; that defendant's trial counsel told him to plead guilty when he inquired concerning these conferences; that the verdict forms and jury instructions were improper; and that the State "stacked" the jury. No further records or affidavits were presented which might tend to substantiate any claim made by defendant. Attached to the petition was a motion for appointment of counsel other than the public defender because defendant maintained the latter was incompetent and a conflict of interest would occur if the public defender was appointed to represent him. No specific allegation of incompetence was made in support of defendant's request for appointment of counsel other than the public defender.

The circuit court appointed the public defender to represent defendant in April 1976. Two weeks later the State filed a motion to dismiss the appeal and attached a copy of this court's opinion which had affirmed his conviction. In August 1976 an assistant public defender was granted leave

to obtain the trial record. The record suggests that counsel sought to withdraw, but the motion was denied. Thereafter, in February 1977 an assistant public defender sought leave to file a letter received from defendant in lieu of a motion by defendant for a substitution of counsel. The State objected and noted that defendant's action was predicated on his counsel's informing him that no constitutional issues which might be raised on his behalf could be found. The circuit court then directed dismissal of the petition.

Notice of appeal was filed by the public defender who then sought to have the State Appellate Defender substitute as counsel. Defendant filed objections to the latter's appointment because he believed he would not receive adequate representation. This court then appointed other counsel. See Ill. Rev. Stat. 1975, ch. 38, par. 121—13(a).

Defendant predicates his initial claim of inadequate representation during the post-conviction proceedings on his previous general assertion that a conflict of interest existed with the public defender for whom he requested a substitution of counsel. He also argues that this action must be viewed in conjunction with the several continuances sought by the public defender, the failure to file any matter in opposition to the State's motion to dismiss, counsel's failure to orally object to the State's dismissal motion, counsel's failure to amend the *pro se* petition, and the failure of the record to show that counsel consulted defendant or reviewed the trial record. He further notes the attorney who sought withdrawal of the record is not the attorney who was present when the motion to dismiss was granted. Defendant concludes that these reasons demonstrate that the public defender afforded him inadequate representation.

■■ ■ We are not persuaded by defendant's claim that counsel other than the public defender should have been appointed to represent defendant on his post-conviction petition merely because defendant alleged the public defender was incompetent. Such claim would give rise to a potential conflict of interest if the public defender was both trial counsel and appointed for the post-conviction proceedings. (*People v. Brittain* (1972), 52 Ill. 2d 91, 284 N.E.2d 632; *People v. Terry* (1970), 46 Ill. 2d 75, 78, 262 N.E.2d 923; and *People v. Augerbright* (1969), 43 Ill. 2d 94, 95, 251 N.E.2d 180.) But in the present case the public defender did not represent defendant at his trial, only on direct appeal. Absent a specific claim by defendant regarding incompetence of the public defender on appeal, it was not error to appoint counsel to represent defendant for his post-conviction petition. *People v. Dixon* (1977), 49 Ill. App. 3d 420, 421, 364 N.E.2d 438.

■■ Moreover, we do not find that counsel's failure to amend the *pro se* petition or object to the State's request for dismissal demonstrates inadequate representation. Appointed counsel is under no obligation to

advance specious claims of constitutional deprivation. (*People v. Bowman* (1973), 55 Ill. 2d 138, 140, 302 N.E.2d 318.) Nor as noted in *Bowman,* defendant does not suggest the manner in which his *pro se* petition might have been amended to advance a proper claim for relief. It is also apparent from the colloquy set forth in the record that counsel contacted defendant and advised him that no meritorious issues might be advanced. This obviously suggests that a review of the record, which had been previously withdrawn by leave of court, had been made. To this extent the continuances sought by counsel were proper and not indicative of incompetence. Finally, the mere fact several assistant public defenders participated on defendant's behalf does not establish that defendant did not receive effective assistance. *People v. Crosby* (1973), 11 Ill. App. 3d 474, 297 N.E.2d 194 (abstract).

■■ Defendant also maintains that the requirements of Supreme Court Rule 651(c) were not satisfied. (Ill. Rev. Stat. 1975, ch. 110A, par. 651(c).) That rule was designed to insure proper representation of post-conviction petitioners by requiring the record to show that counsel has consulted with the petitioner by mail or in person to ascertain constitutional claims, that counsel has examined the trial record and that counsel has amended the *pro se* petition when necessary to reflect the contentions to be presented. The purpose of this rule may be fulfilled by the filing of a certificate of counsel to this effect, but compliance with this rule may be gleaned from the record as a whole. (*People v. Dodd* (1974), 58 Ill. 2d 53, 56, 317 N.E.2d 28.) As heretofore noted, the record shows that counsel had consulted with defendant, albeit to inform him that no meritorious issue existed, and counsel had apparently reviewed the record for this purpose. We find an adequate basis to indicate compliance with Supreme Court Rule 651(c).

■■ Finally, defendant maintains he was denied due process of law when the trial court summarily granted the State's motion to dismiss which had been previously filed. Defendant now argues that his counsel did not oppose the motion, and he requests that the cause be remanded to give him an opportunity to be heard on the matter. Within the context of the proceedings it is clear the trial court was advised that no meritorious constitutional issues could be raised on defendant's behalf. Under such circumstances we do not find the trial court's action in dismissing the petition at that time to be improper.

Accordingly, the judgment of the circuit court is affirmed.


Judgment affirmed.


JOHNSON, P. J., and LINN, J., concur.