THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM FORD, Defendant-Appellant.

Third District    No. 80-502

Opinion filed September 11, 1981.

Ted W. Dennis and James J. Elson, both of Canton, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The petitioner, William J. Ford, was convicted of indecent liberties with a child and attempt rape following a jury trial and sentenced to an indeterminate term of not less than 15 nor more than 25 years' imprisonment on November 9, 1979. Dean Wilson, specially appointed counsel, represented the petitioner at trial. The petitioner, then represented by the appellate defender's office, appealed, and this court vacated the attempt rape conviction and remanded the cause for resentencing. (*People v. Ford* (1980), 83 Ill. App. 3d 57, 403 N.E.2d 512.) Meanwhile, the petitioner had filed a *pro se* post-conviction petition alleging he was denied his right to effective assistance of counsel because of Wilson's incompetence. Following appointment of counsel, the State filed a motion to dismiss the petition summarily. The court granted the State's motion and offered the following reasons: the petition contained insufficient allegations to merit an evidentiary hearing; several of the allegations were barred by *res judicata*; and the allegations, if not waived or insufficient, failed to

constitute incompetence of counsel. The petitioner now appeals from this order and presents two issues for review: whether the petitioner was denied effective assistance of counsel at the post-conviction proceedings; and whether the court erred in summarily dismissing the post-conviction petition.

The petitioner first argues that his post-conviction counsel, Dan O'Bryant, rendered ineffective assistance of counsel by failing to file an affidavit in accordance with Supreme Court Rule 651(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 651(c)), failing to amend the *pro se* petition, and failing to argue that the petitioner's claim of incompetency of trial counsel was not barred by *res judicata*.

Supreme Court Rule 651(c) provides in part that if notice of appeal is filed from the denial of the post-conviction petition, the record must contain a showing made by a certificate of the petitioner's attorney that the attorney has consulted with the petitioner, has examined the record, and has amended the petition to ensure adequate representation of the petitioner's contentions. Compliance with Rule 651(c) need not be determined solely from a certificate, however. The law only requires the record to show that counsel has fulfilled these obligations. (*People v. Drew* (1976), 36 Ill. App. 3d 807, 345 N.E.2d 45.) Although counsel did not file such a certificate at the time the petitioner filed a notice of appeal, the State has since supplemented the record with counsel's affidavit. O'Bryant avers he visited the petitioner several times and spoke with him concerning amendments to the petition, but the petitioner refused to acquiesce to counsel's suggestions. Thus, the failure to amend the petition was not due to counsel's ineffectiveness, but resulted from the petitioner's obstinate choice. Moreover, counsel's failure to amend the petition does not constitute inadequate representation where the petitioner fails either to establish that such a failure resulted in the omission of a significant allegation or suggest in what manner the petition should have been amended. (*People v. Dodd* (1974), 58 Ill. 2d 53, 317 N.E.2d 28.) In the case at bar, the petitioner points to no fatal omissions or corrections and suggests only changes in the petition's form.

■■■ As presented to the trial court, the petition adequately apprised the court of the substance of the petitioner's claims. Accordingly, O'Bryant's affidavit and the averments contained therein show an adequate discharge of his statutory duties and refute the petitioner's first two claims of incompetent post-conviction counsel.

As for the petitioner's final allegation of post-conviction incompetence, the record clearly shows that counsel did in fact argue at the hearing to dismiss the petition that *res judicata* was inapplicable. Accordingly, we find that the petitioner was not denied effective assistance of post-conviction counsel.

The petitioner also contends that the court erred when it summarily dismissed his post-conviction petition containing more than 20 claims of incompetency committed by his appointed trial counsel.

■■ The Post-Conviction Hearing Act provides a supplemental remedy to redress errors at trial which amount to substantial denial of a petitioner's constitutional rights. The law is well established, however, that a post-conviction petitioner is not entitled to an evidentiary hearing on his allegations as a matter of right. (*People v. McGinnis* (1977), 51 Ill. App. 3d 273, 366 N.E.2d 969.) Upon the State's motion to dismiss the petition, a court must scrutinize the sufficiency of the allegations and supporting documents to determine whether the allegations are sufficient, if true, to establish incompetent representation. (*People v. Stepheny* (1970), 46 Ill. 2d 153, 263 N.E.2d 83.) The petitioner bears the burden of setting forth in what respect his constitutional rights were violated and support these allegations with affidavits, the record, or other evidence. Although absence of affidavits is not necessarily fatal to the petition, the allegations must stand uncontradicted and clearly be supported by the record. *People v. Newberry* (1973), 55 Ill. 2d 74, 302 N.E.2d 34; *People v. McGinnis* (1977), 51 Ill. App. 3d 273, 366 N.E.2d 969.

■■ The post-conviction proceeding is a new proceeding for purposes of inquiry into the constitutional issues of the original conviction which have not already been adjudicated. Thus, direct appeal or the failure to appeal makes those issues which were raised or which could have been raised *res judicata*. There are, however, two well-recognized exceptions to the doctrine of *res judicata*. First, where substantial constitutional errors were not contained within the record and thus were not before the reviewing court, they may be presented in a post-conviction proceeding. Second, *res judicata* will not bar a claim of incompetence of counsel in a post-conviction proceeding where the same attorney or the same firm who represented the petitioner at trial also represented the petitioner on appeal. The rationale for this exception is that it is unreasonable to expect appellate counsel to argue his own incompetency effectively. *People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126.

The petitioner's request for post-conviction relief advanced 23 grounds (A-W) which allegedly demonstrated his denial of effective assistance of counsel due to trial counsel's incompetence. The allegations included; refusal to allow the petitioner to testify at trial after counsel had mentioned to each potential juror during *voir dire* the petitioner's prior conviction (A); failure to call certain witnesses to establish the petitioner's alibi (B-J); failure to impeach several prosecution witnesses (K-N); failure to preserve an accurate record of the preliminary hearing (O); overreaching when cross-examining the victim (P); failure to request an alibi instruction and object to the prosecution's instructions (Q); exacerbation

of trial counsel's incompetence by an incompetent defense investigator supplied by the office of the appellate defender (R); failure to object to an alleged violation of the petitioner's right to a speedy trial (S). Appellate counsel has withdrawn objections T and V, admitting they were barred by failure to be raised on direct appeal. The petitioner also alleged he was denied his right to a fair trial because the State planted certain evidence and improperly suppressed other evidence (U) and because the prosecutor through fraud, deceit, and trickery removed a juror (W).

In addressing each claim, the circuit court found the petition failed to establish a basis for constitutional deprivation for the following reasons; the decision not to permit the petitioner to testify was a tactical decision by trial counsel, which traditionally does not constitute ineffective assistance of counsel; claims B-N, R, and U were founded solely upon the petitioner's unsubstantiated allegations; claims H, K-N, Q, S, U and W should have been brought on direct appeal and, thus, were barred by *res judicata*; the scope of counsel's cross-examination of the victim was also trial tactics; and the investigator's alleged incompetence did not represent constitutional error.

■■ In examining the record, we agree with the circuit court that most of the petitioner's allegations lacked sufficient support by either affidavits or the record, despite assistance from counsel. Clearly, post-conviction counsel interviewed the witnesses whom the petitioner claimed should have been called at trial. Where possible, affidavits were obtained. Nevertheless, much of what petitioner claimed was simply without support because counsel's investigation revealed the witnesses' testimony would be contrary to the petitioner's allegations. Moreover, even assuming the claims were sufficiently supported, many were barred by *res judicata* or constituted exercise of trial counsel's prerogative in choosing his trial tactics. Nor are we persuaded by the petitioner's argument that fundamental fairness demands that the bar of *res judicata* not be imposed because his specially appointed trial counsel was assisted by an investigator employed by the office of the appellate defender, who directly appealed the petitioner's conviction. The petitioner would equate this relationship with that of the same counsel representing the petitioner at trial and on appeal and concludes the appellate defender would naturally be less likely to argue incompetence of trial counsel effectively. We cannot accept this argument. First, the petitioner has failed to demonstrate the alleged incompetence of trial counsel was in any way caused by the investigator. Moreover, we simply do not believe the appellate defender's otherwise vigorous representation would be muted because one of its employees assisted in the trial preparation.

We do find, however, that the petitioner has established that he was entitled to an evidentiary hearing with regard to his first allegation of

incompetence. According to the petition, which was supported by affidavits from two jurors, trial counsel asked each potential juror during *voir dire* whether the petitioner's prior conviction for second degree murder would influence their verdict. Then, after apparently mitigating the potential prejudicial effect caused by the petitioner's probable impeachment were he to testify, counsel refused to permit the petitioner to testify over his strenuous wishes to do otherwise. The petitioner further alleges counsel told the petitioner that if he did not testify, he would be acquitted. This claim was also supported by affidavit. This claim was not adjudicated on direct appeal and is not barred by *res judicata* because the alleged incompetence occurred during *voir dire* examination and in discussions between trial counsel and the petitioner, both of which took place outside of the record. Although counsel's decision not to allow the petitioner to testify would ordinarily be an exercise of counsel's discretionary trial strategy, we are uncertain as to the reasons for counsel's instruction following his broaching of the sensitive subject of the petitioner's prior convictions.

■■ Accordingly, the petitioner is entitled to an evidentiary hearing on this allegation. Of course, we express no opinion as to the merits of the alleged incompetence. The petitioner still must demonstrate that his counsel was actually incompetent, as manifested in the performance of his duties as a trial attorney, which resulted in substantial prejudice to the petitioner without which the outcome would probably have been different. *People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203.

For the foregoing reasons, we vacate the order of the Circuit Court of Fulton County and remand this cause for an evidentiary hearing consistent with this opinion.

Reversed and remanded.

BARRY and HEIPLE, JJ., concur.