**UNITED STATES of America ex rel. Homer E. HANRAHAN, Petitioner,**

v.

**Daniel C. BOSSE, Respondent.**

**No. 82 C 1890.**

United States District Court, N. D. Illinois, E. D.

Sept. 23, 1982.

Homer E. Hanrahan, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Homer Hanrahan ("Hanrahan") has filed a petition for a writ of habeas corpus, which comes before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"). Because the petition concededly contains both unexhausted and exhausted claims, the petition is summarily dismissed.

### Hanrahan's Petition

Hanrahan admits (Pet. ¶ 13) three of his six claimed grounds for relief were not presented on his direct appeal through the state court system, *People v. Hanrahan,* 64 Ill.App.3d 207, 20 Ill.Dec. 866, 380 N.E.2d 1075 (1st Dist. 1978), *leave to appeal denied,* 72 Ill.2d 583 (1979), *cert. denied,* 444 U.S. 828, 100 S.Ct. 53, 62 L.Ed.2d 36 (1979). His stated reason for non-presentation was (Pet. ¶ 13):

> because Court appointed appellate counsel, who also represented co-defendant as retained counsel refused to raise issues on appeal.

That statement refers in turn to a puzzling further comment by Hanrahan (Pet. Addendum 1, at 2):

> The doctrine of waiver and res judicata apply to the additional issues raised in the instant petition for purposes of state court review, and therefore federal habeas corpus is the only and appropriate remedy available to petitioner.

### Effect of Unexhausted Claims

Just before Hanrahan filed his petition, the Supreme Court held in *Rose v. Lundy,* —— U.S. ——, ——, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) "that a district court must dismiss habeas petitions containing

both unexhausted and exhausted claims." [1] *Rose* compels dismissal here.

At least one of Hanrahan's claims is in fact unexhausted: that of ineffective assistance of counsel at trial. Hanrahan has not exhausted the remedy available for that claim under the Illinois Post-Conviction Hearing Act (the "Act"), Ill.Rev.Stat. ch. 38, §§ 122–1 to 122–7.[2]

Ordinarily the Act is unavailable when an issue could have been but was not raised on direct appeal—the issue is deemed waived. *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970). But that result does not obtain where (as here) an ineffective counsel claim relies on non-record evidence. *United States ex rel. Williams v. Israel,* 556 F.2d 865, 866 (7th Cir. 1977) suggests that under Illinois law an ineffective counsel claim "based in substantial part on evidence outside the record" is never waived for purposes of the Act. Indeed, Illinois courts recognize the availability of post-conviction proceedings for any "substantial constitutional errors . . . not contained within the record and thus . . . not [presented] before the reviewing court" on direct appeal. *People v. Ford,* 99 Ill.App.3d 973, 976, 55 Ill. Dec. 365, 368, 426 N.E.2d 340, 343 (3d Dist. 1981).[3]

*Conclusion*

Hanrahan presents a mixed habeas corpus petition (containing both unexhausted and exhausted claims). Accordingly the petition must be and is summarily dismissed under Rule 4.

---

1. Before *Rose* our Court of Appeals had been among the majority that permitted habeas review of exhausted claims in at least some such "mixed" petitions. *Ware v. Gagnon,* 659 F.2d 809, 811 (7th Cir. 1981).

2. For the remainder of this opinion this Court has plagiarized freely from its own pre-*Rose* opinion in *United States ex rel. McLaren v. Fairman,* 532 F.Supp. 60, 61–62 (N.D.Ill.1982).

3. *Ford,* 99 Ill.App.3d at 976, 55 Ill.Dec. at 368, 426 N.E.2d at 343 also confirms prior decisions holding the Act available for a claim of incompetence of counsel "where the same attorney or the same firm who represented the petitioner at trial also represented the petitioner on appeal." Hanrahan was represented on appeal by the same attorney who represented his codefendant (Hanrahan's son) at their joint trial and on their joint appeal. This Court need not decide whether the exception reconfirmed in *Ford* properly extends to this unusual situation.