THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONNIE ALLEN, Defendant-Appellant.

Second District   No. 2—85—1014

Opinion filed December 31, 1986.—Rehearing denied February 3, 1987.

Robert K. Slattery, of Freeport, for appellant.

Charles Hartman, State's Attorney, of Freeport (Kenneth R. Boyle, William L. Browers, and Marshall Stevens, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Ronnie Allen, appeals from the dismissal of his post-conviction petition and argues that his post-conviction counsel inadequately represented him by failing to examine the trial record or to amend his *pro se* post-conviction petition. Defendant also argues that the trial court erred in denying his petition without an evidentiary hearing.

Defendant was found guilty of residential burglary by a jury. The office of the State Appellate Defender was appointed to represent him on appeal.[1] On April 19, 1985, defendant filed a *pro se* petition for post-conviction relief alleging that his constitutional right to effective assistance of counsel had been violated. Defendant swore in his petition that defendant's trial counsel, a public defender, told him that defendant should not testify at his trial because the State would impeach his credibility with his record of juvenile adjudications. Defendant argued that this advice was inaccurate because criminal defendants may not be impeached by the admission of prior juvenile records and that the advice denied defendant's right to testify. The State moved to dismiss the petition on the basis that (1) defendant failed to allege any substantial denial of his constitutional rights, (2) the issue of effective assistance of counsel could have been raised in defendant's direct appeal, (3) the legal advice given to defendant was correct, (4) defendant's testimony would not have persuaded the jury to find defendant not guilty, and (5) defendant did not allege in his post-conviction petition that he requested his trial counsel to permit him to testify. On August 22, 1985, Special Defender Thomas J. DeMik, defendant's post-conviction counsel, filed a certification that he sent defendant a letter.

---

[1]The direct appeal, *People v. Allen* (1986), 139 Ill. App. 3d 1163, was affirmed by this court on January 21, 1986, by order pursuant to Supreme Court Rule 23. The direct appeal did not deal with issues now being raised.

At the hearing on the State's motion to dismiss, defense counsel argued that the record did not indicate whether defendant's trial counsel allowed defendant to testify. In response to the State's argument that the petition did not allege a *substantial* denial of constitutional rights, defense counsel requested that the court grant leave to amend to allege a substantial denial. He also asked leave to amend to specifically allege that defendant asked to testify and that his attorney told him no; and, further, that he be given a chance to amend his petition in form and substance so that it does comply with the requirements cited by the State.

The court dismissed the motion on the bases that the issue of ineffectiveness of counsel could have been raised on defendant's direct appeal, that the petition was not sufficiently specific to show any basis for legal relief, and that trial strategy was involved in the decision not to testify.

On July 21, 1986, DeMik's certification of compliance with Supreme Court Rule 651(c) was filed with the appellate court. On July 14, 1986, DeMik certified that he:

"1) consulted with the petitioner by mail to ascertain his contentions of deprivation of a constitutional right, 2) examined the record of the proceedings at trial, and 3) made any amendment necessary to petitioner's *pro se* petition necessary for an adequate presentation of petitioner's contentions, all in accordance with Supreme Court Rule 651(c)."

We first address the issue whether defendant's post-conviction counsel rendered incompetent assistance. Defendant argues that DeMik failed to examine the trial record and to amend his *pro se* post-conviction petition. Supreme Court Rule 651(c) provides in part:

"The record [of the post-conviction proceedings] filed in that court [on appeal] shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions [for post-conviction relief] filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 87 Ill. 2d R. 651(c).

■■ DeMik filed a certificate with this court during the pendency of defendant's appeal from the denial of his post-conviction petition. This certificate and DeMik's argument at the hearing on the State's motion to dismiss indicate that he examined the trial record in his review of defendant's *pro se* post-conviction petition. The filing of the

Rule 651(c) certificate during the pendency of an appeal satisfies the rule. (*People v. Harris* (1971), 50 Ill. 2d 31, 34-35, 276 N.E.2d 327, 329; *People v. Akers* (1985), 137 Ill. App. 3d 922, 928, 484 N.E.2d 1160, 1164.) Compliance with Rule 651(c) can also be established by the record itself. *People v. Drew* (1976), 36 Ill. App. 3d 807, 809, 345 N.E.2d 45, 47.

█ The record does not show that DeMik amended defendant's *pro se* post-conviction relief petition. The petition alleged that defendant's public defender advised defendant not to testify because the State would impeach his credibility with his record of juvenile adjudications. This advice was incorrect. (See *People v. Montgomery* (1971), 47 Ill. 2d 510, 517, 268 N.E.2d 695, 699; *People v. Massie* (1985), 137 Ill. App. 3d 723, 730-31, 484 N.E.2d 1213, 1218.) While defendant does not argue how his post-conviction counsel could have amended the petition, it is obvious that defendant should have sworn that he would have testified had it not been for the incorrect advice of his assistant public defender and to what he would have testified. The latter is necessary because ineffective representation of counsel does not require reversal unless the conduct of counsel substantially prejudiced defendant. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525-27, 473 N.E.2d 1246, 1256, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061.) Had the petition been so amended, defendant would have been entitled to an evidentiary hearing, as he may then have alleged sufficient acts. (*People v. Redmond* (1986), 146 Ill. App. 3d 259, 262, 496 N.E.2d 1041, 1043; see *People v. Ford* (1981), 99 Ill. App. 3d 973, 978, 426 N.E.2d 340, 344 (evidentiary hearing allowed on issue of counsel's advice and decision that defendant should not testify).) Therefore, the alleged incompetence of the post-conviction counsel prejudiced defendant.

█ Direct appeal from a conviction makes issues which could have been raised *res judicata*. (*People v. Ford* (1981), 99 Ill. App. 3d 973, 976, 426 N.E.2d 340, 343.) But under an exception, substantial constitutional errors that were not contained in the record and thus not before the reviewing court may be presented in a post-conviction proceeding. 99 Ill. App. 3d 973, 976, 426 N.E.2d 340, 343.

The trial court in the instant case improperly relied upon *People v. Jones* (1985), 109 Ill. 2d 19, 485 N.E.2d 363, *cert. denied* (1986), 475 U.S. 1090, 89 L. Ed. 2d 735, 106 S. Ct. 1481, in finding that defendant could have raised his ineffective-assistance issue on direct appeal. In *Jones*, defendant argued that his trial counsel should have argued certain mitigating factors at his sentencing hearing, that two people should have testified at the hearing, and that counsel told

defendant he could only escape a death sentence by pleading guilty. While the mitigating factors were contained in the trial court record, there was no record as to what the people would have testified to. The possible testimony was not alleged in the post-conviction petition and was not presented in an offer of proof. The last issue of counsel's advice had not been presented in the post-conviction petition. The court held that the ineffective-assistance issue based on the failure to present the mitigating factors could have been raised in the direct appeal. The court did not, however, find that defendant could have raised the issue of ineffective assistance, based on the failure to introduce the testimony of the two people, on direct appeal. The court only held that the issues "properly raised" could have been raised on direct appeal; the issue relating to the testimony that should have been presented had not been properly raised because it was not properly supported in the post-conviction petition. Therefore, *Jones* did not depart from the authority that issues arising outside the record cannot be raised on direct appeal. As defendant here alleged that his counsel *de hors* the record told him incorrectly that he would be impeached by his juvenile record, defendant could not have raised this ineffective-assistance issue on direct appeal.

■ As the issue of the trial counsel's competence could not have been raised on appeal, it was properly before the court on a post-conviction petition. The issue would have merited an evidentiary hearing had it been sufficiently alleged in the post-conviction petition. Consequently, defendant was prejudiced by the post-conviction counsel's failure to timely amend his petition. That counsel belatedly moved during the course of the hearing for leave to amend, which was not ruled on by the court, does not cure the prejudice. The issue then becomes whether the failure of counsel to amend the post-conviction petition was itself incompetence.

■ The State argues that the failure to amend a *pro se* post-conviction petition is not incompetence where there are no specific facts in existence that indicate the petition need be changed. *People v. Moehlman* (1975), 31 Ill. App. 3d 403, 333 N.E.2d 296, which the State cites for this proposition, is distinguishable because the allegations of the *pro se* petition were without substance. (See also *People v. Stovall* (1970), 47 Ill. 2d 42, 46, 264 N.E.2d 174, *cert. denied* (1971), 402 U.S. 997, 29 L. Ed. 2d 164, 91 S. Ct. 2183 (no showing of the existence of any facts or evidence on which affidavits to support petition could have been founded); *People v. Smith* (1968), 40 Ill. 2d 562, 564, 241 N.E.2d 413, 415 (no reason to believe that petition could have been successfully amended).) However, defendant's ineffec-

tive-assistance claim was not meritless on its face, and the petition could have been amended sufficiently to allege a claim by including what defendant would have testified to. As defendant's post-conviction counsel should have amended the petition, the dismissal of the petition must be reversed. *People v. Hawkins* (1970), 44 Ill. 2d 296, 298-99, 255 N.E.2d 456, 458.

■■ Accordingly, the petitioner is entitled to have his petition amended and an evidentiary hearing thereon. We express no opinion as to the incompetency of trial counsel. The burden remains with the petitioner to establish the incompetency of his trial counsel which resulted in substantial prejudice to the petitioner without which the outcome would probably have been different. *People v. Ford* (1981), 99 Ill. App. 3d 973, 978, 426 N.E.2d 340.

The judgment of Stephenson County is reversed and the cause remanded for an evidentiary hearing consistent with this opinion.

Reversed and remanded.

NASH, P.J., and REINHARD, J., concur.