THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. WILLIAM WALLACE, Petitioner-Appellant.

Second District   No. 2—88—1086

Opinion filed August 23, 1990.

944

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, William Wallace, appeals from an order of the circuit court of Lake County dismissing his amended petition for post-conviction relief. On appeal, defendant argues that this order should be reversed because he received ineffective assistance of counsel during the post-conviction proceedings. We affirm.

In October 1984, defendant was convicted of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14). He was originally sentenced to a 20-year term of imprisonment. This court affirmed defendant's conviction on direct appeal but remanded the cause for resentencing. (See *People v. Wallace* (1986), 145 Ill. App. 3d 247.) Upon remand, the trial court sentenced him to a 12-year term of imprisonment, and this court affirmed the sentence on appeal. See *People v. Wallace* (1988), 170 Ill. App. 3d 329.

On October 4, 1985, while his initial appeal was pending, defendant filed a petition for post-conviction relief. Defendant alleged in the petition that, prior to his trial, Randall Stewart, the assistant State's Attorney who prosecuted the case, agreed to have the charges dismissed if defendant passed a polygraph examination and the complaining witness either refused to take one or failed one. The petition further alleged that defendant passed a polygraph test but the complaining witness never took such a test.

The trial court determined that defendant's petition was not frivolous and appointed counsel to represent him. At the July 31, 1986, hearing on the petition, defendant testified that his trial attorney, Joseph Moscov, told him that the prosecuting attorney had agreed to have the charges dismissed if defendant passed a polygraph examination and the complaining witness either failed one or refused to take one. Randall Stewart testified that he never entered into such an agreement with Moscov. Moscov testified that Stewart had stated he would give strong consideration to having the charges dismissed under such circumstances but had not actually promised to do so.

■■ The trial court denied the post-conviction petition, and defendant appealed. The court reversed and remanded on the basis of post-conviction counsel's failure to comply with Supreme Court Rule

651(c) (107 Ill. 2d R. 651(c)), which requires a showing on the record, by certificate or otherwise, that post-conviction counsel has consulted with petitioner, has examined the record of the proceedings at trial, and has made any necessary amendments to the petition. (*People v. Wallace* (1988), 164 Ill. App. 3d 1161 (unpublished order under Supreme Court Rule 23).) We further stated, however, that the issue litigated at the post-conviction hearing should not be relitigated upon remand.

The trial court appointed Alex Rafferty, a private attorney, as defendant's post-conviction counsel upon remand. Rafferty filed an amended post-conviction petition which alleged that defendant's trial counsel provided ineffective assistance in three respects. The first such allegation was that the prosecuting attorney methodically eliminated all black individuals from the jury in violation of defendant's sixth amendment right to trial by an impartial jury, but trial counsel failed to call this to the court's attention. The second allegation was that trial counsel failed to bring to the jury's attention "the discrepancy between the testimony of the complaining witness and the scientific reports with respect to the presence of semen." The third allegation was that trial counsel "misrepresented the facts of his negotiations with the prosecuting attorney." Rafferty filed a certificate of compliance with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)) along with the amended petition.

At an August 26, 1988, status hearing on the petition, Rafferty told the trial judge that the court had to make an initial determination as to whether the amended petition was frivolous. When questioned about the lack of affidavits or supporting documentation filed with the amended petition, Rafferty stated that defendant told him there was a medical or laboratory report with regard to the second issue raised, but Rafferty had been unable to obtain a copy from defendant's trial counsel. Rafferty then asked the State to provide him with copies of any such scientific reports. When the trial judge asked if he would need to see such reports, Rafferty stated it would not be necessary because the first issue raised was sufficient to sustain the amended petition.

With regard to the first issue, the trial judge stated that it would be impossible to determine from the record which members of the jury venire were black. Rafferty agreed but stated that defendant had taken notes concerning the race of the venire members. No affidavits or supporting documents were ever presented to the trial court, however, concerning any of the issues raised in the amended post-conviction petition.

The trial court issued an order on October 7, 1988, dismissing the amended petition. The court stated that the amended petition was patently without merit but only addressed the first issue raised therein. At a subsequent hearing, Rafferty did not advise the court of its failure to address the other two issues but, instead, merely asked that a notice of appeal be filed and that the Appellate Defender be appointed to represent defendant.

Defendant now contends that he received ineffective assistance of post-conviction counsel for the following reasons: (1) Rafferty incorrectly advised the trial judge that an initial determination had to be made as to whether the amended petition was frivolous; (2) he failed to advise the trial court that, in dismissing the amended petition, it apparently failed to consider two of the three issues presented therein; and (3) he failed to file any supporting documents or affidavits with the amended petition. In order to establish ineffective assistance of counsel, a defendant must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" (*Strickland v. Washington* (1984), 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064; *People v. Albanese* (1984), 104 Ill. 2d 504, 525) and a reasonable probability exists that, were it not for counsel's errors, the result of the proceeding would have been different. (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068; *Albanese*, 104 Ill. 2d at 525.) A reasonable probability is "a probability sufficient to undermine confidence in the outcome." (466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.) The *Strickland* test has been applied to determine whether post-conviction counsel was ineffective. See *People v. Rogers* (1986), 147 Ill. App. 3d 1, 3-4.

The State concedes that Rafferty was incorrect when he advised the trial court that it had to make an initial determination as to whether the amended post-conviction petition was frivolous. The proceedings on the amended petition were a continuation of the proceedings on defendant's original post-conviction petition, which was filed on October 4, 1985. A post-conviction petition may not be dismissed as frivolous pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1) unless this is done within 30 days of the filing and docketing of the petition. (*People v. Porter* (1988), 122 Ill. 2d 64, 85.) In the case at bar, the trial court determined that defendant's original post-conviction petition was not frivolous and appointed counsel to represent him pursuant to section 122—2.1(a)(1) of the Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(1)). In such circumstances, appointed counsel is expected to consult with the petitioner, review the trial record, and make any neces-

sary amendments to the petition. (107 Ill. 2d R. 651(c).) Section 122—2.1 does not provide trial courts with any authority to dismiss such amended petitions as "frivolous" or "patently without merit." Rafferty was clearly mistaken when he advised the trial court that it was necessary to make an initial determination pursuant to section 122—2.1 as to whether the amended petition was frivolous when nearly three years had passed since defendant's original post-conviction petition was filed.

■■■ This does not mean, however, that the amended petition was not subject to dismissal. Even if the trial court initially determines a petition to be nonfrivolous, section 122—5 of the Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—5) permits the State to file a motion to dismiss the petition, and the trial court may grant such relief (see, e.g., *People v. Silagy* (1987), 116 Ill. 2d 357, 373; *People v. Saunders* (1989), 187 Ill. App. 3d 734, 738-39). In order to prevail on a post-conviction petition, defendant must establish a substantial deprivation of his or her rights under the United States Constitution or the Illinois Constitution. (*People v. Caballero* (1989), 126 Ill. 2d 248, 258-59.) The trial court may dismiss a post-conviction petition without an evidentiary hearing unless the allegations of the petition, together with accompanying affidavits or the trial record, make a substantial showing that defendant's constitutional rights have been violated. (*Caballero*, 126 Ill. 2d at 259; *Saunders*, 187 Ill. App. 3d at 738-39.) Since defendant's amended petition, together with the trial record, clearly fails to make such a showing, we conclude it would have been dismissed even if the trial court had followed the correct procedures under the Act, and defendant therefore was not prejudiced by his attorney's error in advising the trial court to make an initial ruling as to whether the petition was frivolous.

■■ The first ground for relief urged by defendant in the amended petition was that the prosecutor methodically eliminated all black members from the jury venire in violation of his sixth amendment right to trial by an impartial jury, but defendant's attorney failed to bring this to the trial court's attention. As the State points out, however, the United States Supreme Court has recently held that a prosecutor's use of peremptory challenges to eliminate black potential jurors does not violate the sixth amendment right to trial by an impartial jury. (*Holland v. Illinois* (1990), 493 U.S. 474, 478-83, 107 L. Ed. 2d 905, 915-18, 110 S. Ct. 803, 806-09.) Defendant could not have been prejudiced by his trial attorney's failure to raise such a claim when he could not have prevailed.

■■ The amended petition also alleged that defendant's trial attor-

ney failed to call to the jury's attention "the discrepancy between the testimony of the complaining witness and the scientific reports with respect to the presence of semen." There were no supporting affidavits filed with the amended petition, and the record does not support this allegation. The parties stipulated at trial that semen was found on the victim's bikini bottom after she was allegedly attacked and that a vaginal swab taken from her immediately afterward contained spermatozoa cells. Scientific tests revealed that the semen and sperm cells were from a male with blood type "O," secreter status. Defendant and the victim's husband both fit within this classification. The stipulation referred to a statement from the victim that she had sexual intercourse with her husband the day before the alleged attack. The physician who took the vaginal swab testified that the only conclusion that could be drawn from the testing was that the victim had engaged in sexual intercourse during the preceding 24 hours.

The only possible discrepancy we can discern from the record between the victim's testimony and the scientific reports with respect to the presence of semen involves the victim's testimony that defendant ripped off her bikini bottom and then had sexual intercourse with her. This testimony might seem to conflict with the stipulation that semen was present on the bikini bottom when it was tested. However, it is not clear from the victim's testimony where the bottom ended up after it was ripped off by the defendant. If defendant merely ripped the bottom away from her vaginal area so that he could have intercourse, but it was still around the victim's legs, it is conceivable he could have ejaculated onto the bottom. It is also quite possible that the victim put the bikini bottom back on after the attack, and the semen could have gotten on the bottom that way. Since this possible discrepancy is easily explainable, bringing it to the jury's attention at trial would not have changed the result. Based upon the record, defendant could not have prevailed on this allegation.

■■ The final allegation in the amended petition is that defendant's attorney misrepresented facts concerning his negotiations with the prosecuting attorney. The only such negotiations mentioned in the record were the discussions between defendant's attorney, Moscov, and the prosecutor, Stewart, concerning polygraph examinations. At the hearing on his initial post-conviction petition, defendant testified that Moscov told him prior to trial that the prosecuting attorney had agreed to have the charges dismissed if defendant passed a polygraph examination relating to the charges and the complaining witness either failed one or refused to take one. Moscov testified at the same hearing that Stewart only said he would give strong consideration to

having the charges dismissed under such circumstances. Therefore, there is support in the record for the allegation in the amended petition that Moscov made misrepresentations to defendant regarding the status of his negotiations with the prosecutor.

Even if such misrepresentations were made, however, it is inconceivable that they could have affected the result at trial. While the alleged misrepresentations may have caused defendant to take two unnecessary polygraph examinations, the results of such tests are not even admissible at trial. (*People v. Baynes* (1981), 88 Ill. 2d 225, 244.) Therefore, defendant could not have prevailed on this allegation. Since the three claims raised in the amended post-conviction petition could not have withstood a motion to dismiss, defendant could not have been prejudiced by Rafferty's mistake in advising the trial court to make an initial determination as to whether the amended petition was frivolous. For the same reason, the failure of Rafferty to seek a specific ruling concerning the last two allegations of the amended petition could not have prejudiced defendant.

■■ Defendant also contends that Rafferty provided ineffective assistance of counsel because he failed to file affidavits and supporting documentation with the amended post-conviction petition. With regard to the first issue raised in the amended petition, trial counsel's failure to raise the prosecutor's exercise of peremptory challenges to strike black members of the jury venire and argue that this was a sixth amendment violation, the *Holland* decision foreclosed any possibility of success on this issue regardless of the amount of supporting documentation. We shall therefore only consider Rafferty's failure to provide supporting documentation for the other two issues raised in the amended petition.

■■ In *People v. Orange* (1988), 121 Ill. 2d 364, defendant asserted that his attorney was ineffective because no mitigating evidence was presented during the sentencing hearing. Our supreme court held that defendant failed to establish ineffective assistance of counsel when the record contained no indication as to what mitigating evidence defense counsel could have introduced or argued and thereby failed to show the attorney failed to present evidence of which he was aware. (*Orange*, 121 Ill. 2d at 389-90.) Similarly, in the case at bar, the record contains no indication as to what evidence Rafferty could have presented in support of the amended petition. We emphasize that a defendant alleging ineffective assistance of counsel has the burden of showing prejudice from counsel's deficient performance and the prejudice allegedly suffered by defendant cannot be based upon mere speculation or conjecture. (*People v. Borges* (1984), 127 Ill. App. 3d

597, 602.) Defendant has not established that Rafferty failed to present evidence or supporting documentation of which he was aware or should have been aware when he filed the amended petition. His final allegation of ineffective assistance must therefore fail.

The case at bar is distinguishable from *People v. Allen* (1986), 151 Ill. App. 3d 391. In *Allen*, defendant's post-conviction petition alleged that his trial attorney incorrectly advised him that, if he testified, the prosecuting attorney could impeach his credibility with evidence of his juvenile adjudications. (*Allen*, 151 Ill. App. 3d at 394.) The trial court dismissed the petition. (151 Ill. App. 3d at 394.) On appeal, this court held that post-conviction counsel was ineffective because it is obvious that had counsel amended the petition by having defendant swear he would have testified were it not for his trial attorney's incorrect advice and swear to what he would have testified, defendant would have been entitled to an evidentiary hearing. (151 Ill. App. 3d at 394.) In the instant case, it would be sheer speculation to conclude that Rafferty could have provided supporting documentation with the amended petition that would have entitled defendant to an evidentiary hearing.

For the above reasons, the order of the circuit court of Lake County dismissing defendant's amended petition for post-conviction relief is affirmed.

Affirmed.

UNVERZAGT, P.J., and McLAREN, J., concur.