THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDERICK E. YARBROUGH, Defendant-Appellant.

Fourth District   No. 4—90—0080

Opinion filed March 14, 1991.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On December 26, 1989, the circuit court of McLean County, following a hearing, denied defendant Frederick Yarbrough's petition for post-conviction relief. Defendant now appeals.

On July 16, 1986, defendant was found guilty by a jury of committing multiple criminal offenses. This court affirmed his convictions for home invasion, heinous battery, robbery, aggravated battery, and residential burglary (Ill. Rev. Stat. 1985, ch. 38, pars. 12—11(a)(2), 12—4.1, 18—1, 12—4, 19—3), and the 50-year extended-term prison sentences imposed for the first two offenses in *People v. Yarbrough* (1987), 156 Ill. App. 3d 643, 509 N.E.2d 747. The facts of these offenses are adequately set forth there and need not be recounted for purposes of this disposition.

In 1987, defendant filed a *pro se* petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, pars. 122—1 through 122—8). Counsel was appointed and, on October 17, 1988, an amended post-conviction petition was filed. This petition alleged defendant had received ineffective assistance of counsel at trial, and it contained 50 specific allegations with references to the trial transcript. On May 12 and December 26, 1989, hearings on the petition were conducted, with defendant being present and testifying each day. The court, on December 26, 1989, denied defendant's petition.

Defendant now appeals, asserting this matter must be remanded for a new hearing on his petition because trial counsel failed to file a certificate of compliance pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). Defendant observes various courts have concluded that failure of counsel to file a certificate of compliance pursuant to this rule is harmless error, if an examination of the record clearly in-

dicates counsel met the requirements of the rule. (See *People v. Bone* (1987), 154 Ill. App. 3d 412, 417, 506 N.E.2d 1033, 1036; *People v. Butler* (1989), 186 Ill. App. 3d 510, 517, 541 N.E.2d 171, 174-75; *People v. Alexander* (1990), 197 Ill. App. 3d 571, 572, 554 N.E.2d 1078, 1079.) However, he believes application of *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, calls for a different conclusion. In *Wilk*, the court held it was never harmless for counsel to fail to file the mandatory certificate of Rule 604(d) (134 Ill. 2d R. 604(d)). Defendant believes this analysis should apply with equal validity to Rule 651(c) and that the failure to file a Rule 651(c) certificate cannot be harmless error.

Unfortunately for defendant, his argument must fail because it rests upon a faulty foundation, which is that it is mandatory under Rule 651(c) that counsel file a certificate of compliance.

Rule 651(c) provides that on appeal:

"The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Admittedly, the *Bone, Butler,* and *Alexander* courts have held the failure of counsel to file the certificate is harmless error in the circumstances before those courts. However, to the extent that they suggest the filing of the certificate is required in every case and that the failure to do so is error, these cases are incorrect. These mistaken conclusions are predicated upon an unfortunate miscitation.

■ Both *Butler* and *Alexander* cite *Bone* for the above proposition. *Bone* cites to *People v. Ford* (1981), 99 Ill. App. 3d 973, 426 N.E.2d 340. However, *Ford* does not stand for this proposition. In *Ford*, the court stated:

"Compliance with Rule 651(c) need not be determined solely from a certificate, however. The law only requires the record to show that counsel has fulfilled these obligations." (*Ford*, 99 Ill. App. 3d at 975, 426 N.E.2d at 342.)

In making this statement, the court cited to *People v. Drew* (1976), 36 Ill. App. 3d 807, 809, 345 N.E.2d 45, 47, which is also cited favorably in *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55, and *People v. Allen* (1986), 151 Ill. App. 3d 391, 394, 502 N.E.2d

1260, 1262. Thus, it is evident the proper holding is that Rule 651(c) does not require the filing of a certificate of compliance by counsel.

This conclusion complies with the clear reading of Rule 651(c). The rule only requires that the *record shows* that counsel has performed certain duties. It provides that this showing *may* be made by a certificate of compliance, but it does not require one be filed as in other rules. See, *e.g.*, 134 Ill. 2d R. 604(d).

It is also supported by our supreme court's analysis. In *People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663, the court concluded the case had to be remanded for failure to comply with Rule 651(c). However, it is interesting that the court did not reach that conclusion based upon the failure of counsel to file the certificate. Rather, it stated:

> "An examination of the *record* of the post-conviction proceedings *** shows that it does not meet the record requirements set out in our Rule 651(c)." (Emphasis added.) (*Brown*, 52 Ill. 2d at 229, 287 N.E.2d at 665.)

Later, the court stated:

> "[I]t is clear there is nothing in the record to show that appointed counsel examined the record of the petitioner's trial proceedings. The State does not dispute this but first replies that there is nothing to indicate that counsel did not examine the trial record. There is no merit to this reply, for Rule 651(c) explicitly requires a showing that counsel has examined the trial record." (*Brown*, 52 Ill. 2d at 230, 287 N.E.2d at 665.)

Thus, it is clear the court is not concerned with the presence or absence of a certificate, but with the state of the record.

This conclusion is also buttressed by *People v. Dodd* (1974), 58 Ill. 2d 53, 317 N.E.2d 28, where defendant contended there was no compliance with Rule 651(c). The court stated:

> "Although the better practice would be to show compliance with Rule 651(c) by the certificate of petitioner's appointed counsel, the transcript of the oral argument before the trial court shows that appointed counsel was familiar with the trial court record and that he knew, and argued to the circuit court, the allegations contained in the *pro se* petition. From our examination of the record we conclude that petitioner was adequately represented in the circuit court." *Dodd*, 58 Ill. 2d at 56, 317 N.E.2d at 30.

Accordingly, we conclude, as indicated above, that Rule 651(c) does not require the filing of a certificate of compliance by counsel. It only requires that the record shows that counsel complied with its

mandates. The rule does provide that this compliance can be shown by the filing of a certificate of compliance, and we agree with the *Dodd* court that the filing of such a certificate is the better practice as it would help avoid disputes such as this. However, it is not required and, therefore, failure to do so is not error, harmless or otherwise.

■ Having established that, we now turn to the record in the case at bar. The record establishes that counsel amended the petition to include 50 allegations of ineffective assistance. Also, it shows from argument at the hearing and the petition itself where he cites to pages of the trial transcript that counsel had examined and was familiar with the record. Last, defendant appeared twice in court with counsel, and a letter from defendant to the court indicates that counsel communicated with defendant prior to the filing of the amended complaint. We conclude this sufficiently establishes that Rule 651(c) has been complied with.

Further, this court allowed the State to supplement the record with counsel's certificate of compliance. The filing of such a certificate during the pendency of an appeal satisfies Rule 651(c). (*People v. Harris* (1971), 50 Ill. 2d 31, 34-35, 276 N.E.2d 327, 329; *Allen*, 151 Ill. App. 3d at 393-94, 502 N.E.2d at 1262; *People v. Akers* (1985), 137 Ill. App. 3d 922, 928, 484 N.E.2d 1160, 1164.) This also resolves the question.

■ Defendant finally asserts that he is entitled, to a new hearing because counsel failed to obtain a specific ruling from the court on each allegation. He believes it is incumbent on counsel to do so. He cites no authority for this creative proposition. However, it is clear he received the rulings he seeks. While the court specifically addressed only some of the 50 allegations and not others, the court did deny the entire petition. Thus, the court must have necessarily found all the allegations contained therein meritless, as we do this argument.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.