THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS NOEL, Defendant-Appellant.

Third District    No. 3—95—0754

Opinion filed August 15, 1997.

Janet Gandy Fowler, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:
Defendant Thomas Noel was convicted of robbery and was sentenced to a term of eight years' imprisonment. Defendant's conviction and sentence were subsequently affirmed by this court. *People v. Noel*, 269 Ill. App. 3d 1147 (1995) (unpublished order under Supreme Court Rule 23). On February 10, 1995, defendant filed a *pro se* petition for postconviction relief. On August 8, 1995, the trial court appointed counsel to represent the defendant and scheduled a hearing for those matters raised in paragraph 4(a) of defendant's petition. With respect to paragraph 4(b) of the petition, the court ruled that defendant was merely arguing factual matters that had been previously determined by the jury and therefore no hearing would be conducted concerning those allegations. Following a hearing on October 12, 1995, the trial court denied defendant's petition for postconviction relief.

On appeal, defendant contends that the trial court erred in summarily dismissing paragraph 4(b) of his petition. Defendant maintains that such a dismissal is only proper within 90 days of the date the petition was filed. We agree.

■ The Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1994)) (the Act) establishes a three-step process for adjudicating petitions for post-conviction relief:

> "First, the circuit court must consider the petition without input by the State or further pleadings by the defendant, in order to ascertain whether it is 'frivolous or patently without merit.' If the court concludes that it is, the petition is to be dismissed. Such an order of dismissal is appealable.
>
> If the petition is not dismissed as 'frivolous or patently without merit,' the court must appoint counsel to represent the defendant

(if he or she is indigent), and the petition moves to the second stage of the post-conviction petition adjudication process. At this juncture, counsel must first be afforded an opportunity to amend the petition. Thereafter, the petition may be dismissed or denied without a hearing on the basis of either a motion to dismiss or answer filed by the State. An order dismissing or denying the petition at this stage of the proceedings also constitutes an appealable order.

If the petition is not dismissed or denied at the second stage of the adjudicatory process, it progresses to the third and final stage, at which an evidentiary hearing is held. Following this hearing, the circuit court will either grant or deny the relief requested in the petition." *People v. Dredge*, 148 Ill. App. 3d 911, 912-13, 500 N.E.2d 445, 446 (1986).

In this case, it appears that the trial court dismissed paragraph 4(b) of defendant's petition as frivolous or patently without merit. Such a dismissal is void, however, if it occurs more than 90 days after the petition was filed. *People v. Porter*, 122 Ill. 2d 64, 521 N.E.2d 1158 (1988); 725 ILCS 5/122—2.1(a) (West 1994). In *Porter*, the supreme court held that the language of section 122—2.1 was mandatory and required the trial court to either dismiss the petition within 30 days or docket it for further consideration in accordance with sections 122—4 through 122—6 of the Act. The 30-day period has since been expanded to 90 days. See 725 ILCS 5/122—2.1(a) (West 1994).

The State argues that the trial court did not dismiss paragraph 4(b) of defendant's petition under section 122—2.1(a). The State maintains that the court was proceeding in accordance with section 122—2.1(b), and pursuant to that section "the trial judge found no need for an evidentiary hearing on the allegations in paragraph 4(b)."

The problem with the State's position is that section 122—2.1(b) does not provide for dismissal of a postconviction petition. That section merely states:

"(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." 725 ILCS 5/122—2.1(b) (West 1994).

In other words, if the postconviction petition is not dismissed under section 122—2.1(a), the next step is the appointment of counsel, who "is expected to consult with the petitioner, review the trial record, and make any necessary amendments to the petition" (*People v. Wallace*, 201 Ill. App. 3d 943, 948-49, 559 N.E.2d 539, 542 (1990); 725 ILCS 5/122—4 (West 1994); see also *People v. Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218 (1988) (once petition is deemed nonfrivolous, counsel will

544

be appointed)). In this case, while counsel was appointed to assist the defendant, it is clear from the court's order that it did not consider paragraph 4(b) worthy of further consideration. Thus, the effect of the order was to summarily dismiss paragraph 4(b) as patently without merit. Such a dismissal, coming more than 90 days after the filing of the petition, was prohibited by *Porter*. We therefore reverse the dismissal of paragraph 4(b) of defendant's petition and remand for further consideration in accordance with sections 122—4 through 122—6 of the Act.

■ Defendant has also requested that we reverse the circuit court's order denying the remainder of his postconviction petition. The trial court held an evidentiary hearing regarding defendant's claim of ineffective assistance of counsel and ruled that defendant had failed to show that his attorney's alleged errors would have affected the results of his trial. Defendant does not argue the merits of his ineffective assistance claim, but instead contends that the improper dismissal of paragraph 4(b) of his petition rendered any subsequent proceedings void. The defendant has failed to cite any relevant case law in support of his position, and we do not believe it is grounded in law or logic. Our review of the record supports the trial court's decision and we therefore affirm the denial of paragraph 4(a) of defendant's postconviction petition.

Finally, we note that even if the trial court had acted within 90 days, the procedure employed here was improper. The Post-Conviction Hearing Act does not authorize *partial* dismissals of postconviction petitions as frivolous or patently without merit. If some part of the petition is not frivolous, the trial court should appoint counsel, who can appropriately amend the petition. Allowing partial dismissal raises serious questions about the judicial review process, since first stage dismissals are final and appealable judgments. In the interest of judicial economy, and to avoid piecemeal litigation, trial judges should refrain from entering partial summary dismissals.

For the reasons stated above, the judgment of the circuit court is affirmed in part and reversed in part and remanded.

Affirmed in part and reversed in part; cause remanded.

HOLDRIDGE and HOMER, JJ., concur.